UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **TRAVERS A. DOMBROWSKI** | Case No. |
| Plaintiff, | Judge |
| v. | **COMPLAINT FOR DAMAGES** |
| **PHH MORTGAGE CORPORATION d.b.a. PHH MORTGAGE SERVICES** c/o Corporation Service Company 1160 Dublin Road, Suite 400 Columbus, OH 43215 | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Travers A. Dombrowski through counsel, for his *Complaint for Damages* against Defendant PHH Mortgage Corporation d.b.a. PHH Mortgage Services, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Travers A. Dombrowski ("Dombrowski" or "Plaintiff") is the owner of residential real property, located at and commonly known as 32 Roosevelt Drive, Geneva, OH 44041 (the "Home").

2. Dombrowski currently maintains the Home as his primary, principal residence, and has so maintained the Home for all times relevant to the allegations of the Complaint.

3. Dombrowski executed a promissory note (the "Note") as well as a mortgage securing said note (the "Mortgage") (collectively, the "Loan").

4. Defendant PHH Mortgage Corporation d.b.a. PHH Mortgage Services ("PHH") is a foreign corporation organized under the laws of the State of New Jersey, licensed to do business in the State of Ohio, with its principal place of business located in Mount Laurel, New Jersey.

5. PHH is the servicer of the Loan and has acted in such capacity at all times relevant to the allegations in this Complaint.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* (RESPA).

7. This Court has supplemental jurisdiction to hear any state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

8. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## SUMMARY OF CLAIMS

9. This action is filed, in part, to enforce statutory provisions of RESPA, as well as regulations promulgated by the Consumer Financial Protection Bureau (CFPB) and that became effective on January 10, 2014, specifically, 12 C.F.R. § 1024.1, *et seq.* ("Regulation X").

10. In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

11. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act Mortgage Servicing Final Rules, 78 Fed. Reg. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

12. Dombrowski asserts claims for relief against PHH for violations of the specific rules under RESPA and Regulation X, as set forth, *infra*.

13. PHH is a mortgage servicer as defined by RESPA and Regulation X. 12 U.S.C. § 2605(i)(2); 12 C.F.R. § 1024.2(b).

14. The Loan is a "federally related mortgage loan" as defined by RESPA and Regulation X. 12 U.S.C. § 2602(1); 12 C.F.R. § 1024.2(b).

15. The Loan is not a "reverse mortgage transaction" as defined by RESPA and Regulation X. 12 C.F.R. § 1024.31; *see* 12 C.F.R. § 1026.33(a) (Regulation Z).

16. PHH is subject to the requirements of RESPA and Regulation X, and does not qualify for the exception for "small servicers"—as defined by 12 C.F.R. § 1026.41(e)(4)—nor for the exemption for a "qualified lender"—as defined by 12 C.F.R. § 617.7000.

17. The Loan is secured by the Home which is Dombrowski's principal residence. 12 C.F.R. § 1024.30(c)(2).

18. Mortgage servicers are prohibited from failing "to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of [RESPA]." 12 U.S.C. § 2605(k)(1)(E).

19. Dombrowski has a private right of action under RESPA and Regulation X pursuant to 12 U.S.C. § 2605(f) for the claimed violations and such action provides for remedies including actual damages, statutory damages, and attorneys' fees and costs.

20. Dombrowski also asserts statutory claims for violations of the Residential Mortgage Lending Act, R.C. 1322.01, *et seq.* (RMLA).

21. Dombrowski is a "buyer" as defined by R.C. 1322.01(I), as he is an individual whose loan is serviced by a mortgage servicer, PHH.

22. PHH is a mortgage servicer under the RMLA as each "holds the servicing rights, records mortgage payments on its books, or performs other functions to carry out the mortgage holder's obligations or rights under the mortgage agreement." R.C. 1322.01(BB).

23.     PHH is subject to the requirements of the RMLA and does not qualify for the exemptions listed in R.C. 1322.04.

## FACTUAL BACKGROUND

24.     Dombrowski fell delinquent on his obligations under the Loan due to issues related to the processing of his payments on the Loan through his financial institution.

25.     Dombrowski, however, remitted funds to fully reinstate the Loan prior to September 7, 2023.

26.     PHH received the necessary funds to reinstate the Loan and the Loan was contractually reinstated as of September 7, 2023 with the Loan due and owing for the payment due October 1, 2023. *See*, screenshots from the online portal for the Loan accessed on PHH's website on September 14, 2023, evidencing the application of such payments, attached as **Exhibit 1**.

27.     Despite the Loan being fully reinstated as of September 7, 2023, and despite Dombrowski being fully current on his obligations pursuant to the Loan, on or about September 8, 2023, the assignee of the loan initiated foreclosure proceedings against Dombrowski in the Court of Common Pleas for Ashtabula County, Ohio, Case No. 2023 CV 00584 (the "Foreclosure"). *See*, a copy of the online docket for the Foreclosure, attached as **Exhibit 2**.

28.     Upon learning of the Foreclosure, Dombrowski, through counsel, sent correspondence to LOGS Legal Group LLP, the counsel representing the assignee of the Loan and PHH in the Foreclosure ("Foreclosure Counsel"), advising of the reinstatement and demanding that the Foreclosure be dismissed and incurred costs for the same.

29.     In response, Foreclosure counsel advised that it received "close and bill instructions" on September 8, 2023, and that a notice of dismissal of the Foreclosure was sent to the court on or about September 18, 2023.

30.     On September 18, 2023, Dombrowski was served with a copy of the complaint in the Foreclosure. *See*, Exhibit 2.

31.     On September 26, 2023, a notice of dismissal, without prejudice, was filed in the Foreclosure. *See*, Exhibit 2.

32.     Despite the Foreclosure being dismissed, the filing of the Foreclosure will remain a stain on and will negatively impact Dombrowski's credit standing for years to come.

33.     On or about October 5, 2023, PHH sent a mortgage statement to Dombrowski indicating that he was responsible for paying fees related to the Foreclosure filing including $745.00 for a "FILING FEE" and $345.00 for "ATTY FEE - F/C". *See*, a copy of said mortgage statement, attached as **Exhibit 3**.

34.     PHH's improper actions caused Dombrowski to suffer from actual and proximate damages including, but not limited to:

   a. Fees and charges imposed on the Loan or otherwise in relation to the Foreclosure following Dombrowski's reinstatement of the Loan for which Dombrowski is potentially personally obligated or which otherwise negatively impacts any equity in the Home to which he is entitled;

   b. Legal fees, costs, and expenses incurred to counsel to take reasonable steps to ensure that the Foreclosure was dismissed and to mitigate his damages; and,

   c. Severe emotional distress driven by PHH's failure to properly handle Dombrowski's reinstatement and avoid the filing of the Foreclosure which resulted in frustration, loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress.

**COUNT ONE: AGAINST PHH**
**VIOLATIONS OF RESPA, 12 C.F.R. §§ 1024.41(f) AND 12 U.S.C. § 2605(k)**

35. Dombrowski restates and incorporates all of the allegations contained in paragraphs 1 through 34 in their entirety, as if fully rewritten herein.

36. 12 C.F.R. § 1024.41(a) explicitly provides that "[a] borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))."

37. 1024.41(f)(1) provides:

(1) Pre-foreclosure review period. A servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless:
(i) ***A borrower's mortgage loan obligation is more than 120 days delinquent***;
(ii) The foreclosure is based on a borrower's violation of a due-on-sale clause; or
(iii) The servicer is joining the foreclosure action of a superior or subordinate lienholder.

(Emphasis added).

38. At the time the Foreclosure was filed, Dombrowski was current on his obligations under the Loan and the Loan was not delinquent. *See*, Exhibits 1 and 2.

39. The Foreclosure was not based on Dombrowski's violation of a due-on-sale clause nor did PHH or the assignee of the Loan join the foreclosure action of a superior or subordinate lienholder.

40. Despite Dombrowski's submission of the reinstatement funds and PHH's application of the same on September 7, 2023, PHH permitted the filing of the Foreclosure and did not notify Foreclosure Counsel until after the Foreclosure was filed to "bill and close" their file. .

41. PHH actions in permitting the Foreclosure to be filed on September 8, 2023, were in violation of 12 C.F.R. § 1024.41(f) and 12 U.S.C. § 2605(k)(1)(E) and, as a result, Dombrowski

has suffered actual damages as detailed, *supra*, including but not limited to legal fees in seeking the dismissal of the Foreclosure and fees and costs imposed against the Loan for the Foreclosure filing in an amount of at least $1,090.00.

42. PHH's actions are part of a pattern and practice of behavior in conscious disregard for Dombrowski's rights.

43. As a result of PHH's actions, PHH is liable to Dombrowski for statutory damages and actual damages as further described, *supra*. 12 U.S.C. § 2605(f)(1).

44. Additionally, Dombrowski requests reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

## COUNT TWO: AGAINST PHH
## VIOLATIONS OF THE RMLA, R.C. 1322, *et seq.*

45. Dombrowski restates and incorporates all of the allegations contained in paragraphs 1 through 34 in their entirety, as if fully rewritten herein.

46. On December 22, 2017, Ohio Governor John Kasich ("Kasich") signed into law Ohio House Bill 199 ("HB 199"), which made significant changes to the former Mortgage Brokers Act, R.C. 1322.01, *et seq.* HB 199 substantially broadened the scope of the statute, now renamed the Residential Mortgage Lending Act, to apply to mortgage lenders.

47. On December 19, 2018, Kasich signed into law Ohio House Bill 489 ("HB 489"), to again broaden the scope of the RMLA to apply to mortgage servicers. HB 489 now defines "mortgage servicer" and inserts the term into sections throughout Chapter 1322. HB 489's title specifically "require[s] registration of mortgage loan servicers."

48. PHH is subject to the requirements of the RMLA and does not qualify for the exemptions listed in R.C. 1322.04.

49. "No person ... shall act as a ... mortgage servicer ... without first having obtained a certificate of registration from the superintendent of financial institutions for the principal office and every branch office to be maintained by the person for the transaction of business as a ... mortgage servicer ... in this state." R.C. 1322.07(A).

50. PHH is a mortgage servicer under the RMLA as it "holds the servicing rights, records mortgage payments on its books, or performs other functions to carry out the mortgage holder's obligations or rights under the mortgage agreement." R.C. 1322.01(BB).

51. PHH, as a mortgage servicer, is required to be registered with the Ohio Department of Commerce, Division of Financial Institutions under R.C. 1322.

52. PHH is a registrant under R.C. 1322, as the Ohio Department of Commerce, Division of Financial Institutions has issued it certificates of registration, *inter alia*, License Nos. RM.803985.000000 and RM.803985.001-BR. R.C. 1322.01(HH).

53. Dombrowski is a "buyer" as defined by R.C. 1322.01(I), as he is an individual whose loan is serviced by a mortgage servicer, PHH.

### (R.C. 1322.40)

54. A registrant, licensee, or person required to be registered or licensed under R.C. 1322, *et seq.*, cannot make false or misleading statements of a material fact, omissions of statements required by state or federal law, or false promises regarding a material fact, through advertising or other means, or engage in a continued course of misrepresentations. R.C. 1322.40(B).

55. PHH made false, misleading, and/or inconsistent statements of material facts in relation to the filing of the Foreclosure in violation of 12 C.F.R. § 1024.41(f) and 12 U.S.C. § 2605(k)(1)(E) by wrongfully claiming that Dombrowski was in default of his obligations under

the Loan, in violation of R.C. 1322.40(B) and improperly claiming that PHH or the assignee was entitled to foreclose.

56. A registrant, licensee, or person required to be registered or licensed under R.C. 1322, *et seq.*, cannot engage in conduct that constitutes improper, fraudulent, or dishonest dealings. R.C. 1322.40(C).

57. PHH's failure to ensure that the Foreclosure was not filed as Dombrowski reinstated the Loan constitutes improper and dishonest dealings in violation of R.C. 1322.40(C) as such actions were in violation of 12 C.F.R. § 1024.41(f) and 12 U.S.C. § 2605(k)(1)(E) wrongfully claimed that Dombrowski was in default of his obligations under the Loan.

58. As a result of PHH's conduct, PHH is liable to Dombrowski for actual damages, as further described, *supra*, at ¶ 34, including but not limited to legal fees in seeking the dismissal of the Foreclosure and fees and costs imposed against the Loan for the Foreclosure filing in an amount of at least $1,090.00, as well as reasonable attorneys' fees and costs incurred in connection with this action, and punitive damages. R.C. 1322.52.

### (R.C. 1322.45)

59. A registrant, licensee, or person required to be registered or licensed under R.C. 1322, *et seq.*, is required to comply with all duties imposed by other statutes or common law, act with reasonable skill, care, and diligence, and act in good faith and with fair dealing in any transaction, practice, or course of business in connection with the brokering or originating of any residential mortgage loan. R.C. 1322.45(A)(3)-(4).

60. A registrant, licensee, or person required to be registered or licensed under R.C. 1322 cannot waive or modify its duties under R.C. 1322.45(A). R.C. 1322.45(C).

61. PHH's violations of RESPA and Regulation X constitute violations of R.C. 1322.45(A).

62. PHH violated R.C. 1322.45(A)(3) and (4) by failing to act with reasonable skill, care, and diligence and in good faith and with fair dealing by failing to properly reinstate Dombrowski's loan by failing to ensure that the Foreclosure was not filed as the Loan was current at the time of the Foreclosure filing.

63. As a result of PHH's conduct, PHH is liable to Dombrowski for actual damages, as further described, *supra*, at ¶ 34, including but not limited to legal fees in seeking the dismissal of the Foreclosure and fees and costs imposed against the Loan for the Foreclosure filing in an amount of at least $1,090.00, as well as reasonable attorneys' fees and costs incurred in connection with this action, and punitive damages. R.C. 1322.52; R.C. 1322.45(D).

## COUNT THREE: AGAINST PHH
## BREACH OF CONTRACT

64. Dombrowski restates and incorporates all of the allegations contained in paragraphs 1 through 35 in their entirety, as if fully rewritten herein.

65. The Loan is a legally binding and enforceable contract between the Dombrowski and PHH.

66. Pursuant to the terms of the Loan, a contractual reinstatement brings the Loan current as if no default had occurred, meaning that upon the payment of the funds necessary to reinstate the Loan, there was no longer a default under the terms of the Loan.

67. PHH breached the contract by continuing to exercise its rights to foreclose under the terms of the Loan and by permitting the Foreclosure to be filed on September 7, 2023, after the Loan was reinstated.

68. Dombrowski has been harmed by and has suffered damages as a result of PHH's breach of the Loan including but not limited to legal fees in seeking the dismissal of the Foreclosure and fees and costs imposed against the Loan for the Foreclosure filing in an amount of at least $1,090.00.

69. As a result of PHH's conduct, PHH is liable to Dombrowski for actual damages, as further described, *supra*.

## COUNT FOUR: AGAINST PHH
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

70. Dombrowski restates and incorporates all of the allegations contained in paragraphs 1 through 35 in their entirety, as if fully rewritten herein.

71. By filing or permitting the Foreclosure to be filed despite the reinstatement of the Loan, PHH took actions it knew and should have known were improper and contrary to the terms of the Loan and applicable law and intentionally interfered, physically or otherwise, with the solitude, seclusion and or private affairs of Dombrowski.

72. Dombrowski was anxious, concerned, and otherwise suffered emotional distress upon the filing of the Foreclosure as it wrongfully attempted to collect on a debt that had been reinstated in contravention of the Loan and made Dombrowski reasonably fear that PHH would not honor the reinstatement of the Loan.

73. PHH's actions occurred in a way that would be highly offensive to a reasonable person in Dombrowski's position as a reasonable person would believe that a contractual reinstatement of a mortgage loan would absolve any imminent risk of foreclosure.

74. Based on the foregoing allegations, Dombrowski has been seriously damaged by PHH's actions and is entitled to a recovery of their actual damages as well as an award of punitive damages in an amount to be determined.

**WHEREFORE** Plaintiff Travers A. Dombrowski respectfully requests that this Court enter an Order granting Judgment against Defendant PHH Mortgage Corporation d.b.a. PHH Mortgage Services as follows:

A. Actual damages in an amount to be determined at trial for the allegations contained in Counts One through Four;

B. Statutory damages of Two Thousand Dollars ($2,000.00) per violation of RESPA contained in Count One;

C. Punitive damages to the extent allowed by law for the allegations contained in Counts Two and Four;

D. Costs and reasonable attorneys' fees as to Counts One through Four; and,

E. Such other relief which this Court may deem appropriate.

## JURY DEMAND

Plaintiff Travers A. Dombrowski respectfully demands a trial by jury on all such claims that may be so tried.

Respectfully submitted,

/s/ *Marc E. Dann*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Michael A. Smith, Jr. (0097147)
Jeffrey A. Crossman (0073461)
**Dann Law**
15000 Madison Ave.
Lakewood, OH 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Plaintiff Travers A. Dombrowski*